# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| **JERRY ALDRIDGE, ET AL.**<br><br>**Plaintiffs,**<br><br>v.<br><br>**REGIONS BANK,**<br><br>**Defendant.** | **Case No. 3:21-CV-0082** |

### REGIONS BANK'S MEMORANDUM OF LAW IN SUPPORT OF RENEWED PARTIAL MOTION TO DISMISS COUNTS II – V OF PLAINTIFFS' AMENDED COMPLAINT

Defendant Regions Bank ("Regions" or "Defendant"), pursuant to Fed. R. Civ. P. 12(b)(6), respectfully submits this Memorandum of Law in Support of its Renewed Partial Motion to Dismiss Counts II – V of Plaintiffs' Amended Complaint.

## INTRODUCTION

Plaintiffs commenced this action on March 12, 2021 in federal court pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. Doc 1 at ¶ 101. In addition to an express ERISA claim for equitable relief in Count I, Plaintiffs included four additional causes of action under Tennessee state law: breach of fiduciary duties, breach of trust, breach of contract and negligence. Doc 1 at pp. 24–27. On May 10, 2021, Regions filed its Partial Motion to Dismiss Counts II – V of Plaintiffs' Complaint and an accompanying Memorandum of Law in support of that motion. Docs 12, 13. Regions asserted that ERISA preempted Plaintiffs' state law claims and any related claims for state law damages and, thus, those claims must be dismissed. Doc 13 at pp. 2–8. In response, on May 31, 2021, Plaintiffs filed their First Amended Complaint. Doc 19. Despite the benefit of filing their Amended Complaint after

Regions filed its Partial Motion to Dismiss, Plaintiffs included the same five claims as their initial Complaint: an express ERISA claim for equitable relief and common law claims for breach of fiduciary duties, breach of trust, breach of contract and negligence. Doc 19 at 27–31.[1]

In both iterations of their Complaint, Plaintiffs allege that they were wrongly denied benefits in their capacity as participants of two nonqualified deferred compensation plans (the "Plans") offered through the participants' former employer or its successor, Ruby Tuesday, Inc. *See* Doc 1 at ¶ 1; Doc 19 at ¶ 1 ("Thus, due to Regions' action or, more accurately inaction, the Plaintiffs failed to receive the retirement benefits promised them …").

Despite having exclusive remedies under ERISA, Plaintiffs assert in their Amended Complaint that Regions' wrongdoing in failing to facilitate or ensure the payment of benefits is actionable as common law breach of fiduciary duties, breach of trust, breach of contract and negligence. Indeed, Plaintiffs tacitly concede that the injuries they purport to have suffered are the same under both their ERISA claim and state law claims. *Compare* Doc 19 at "Wherefore Clause (A)" (seeking compensation for "Plaintiffs for losses caused by Regions' actions" for Count I) *to* Doc 19 at "Wherefore Clause (B)" (seeking "an order awarding Plaintiffs the losses resulting from Regions'" actions and inactions for Counts II–V).

Peeling back their attempt to state common law theories of recovery, Plaintiffs' state law claims unequivocally seek benefits under, and arise out of and relate to the administration of, the Plans, and thus their claims and any related claims for state law damages are due to be dismissed due to express preemption under ERISA.

---

[1] Plaintiffs now assert their state law claims under Alabama state law. Doc 19 at 28–31.

**ARGUMENT**

I. **LEGAL STANDARD.**

Although Rule 8(a) of the Federal Rules of Civil Procedure does not require "detailed factual allegations," the Supreme Court has held that "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Rather, to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). In other words, a pleading must contain sufficient "factual content t[o] allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Thus, although the allegations of a complaint generally must be taken as true when ruling on a motion to dismiss, the Court need not accept "conclusory allegations or unwarranted factual inferences." *Directv, Inc. v. Treesh*, 487 F. 3d 471, 476 (6th Cir. 2007).

II. **PLAINTIFFS' STATE LAW CLAIMS ARE PREEMPTED AND SHOULD BE DISMISSED.**

Plaintiffs assert a variety of state law claims all alleging wrongdoing on Regions' part in its role as the directed trustee of an irrevocable trust holding assets for the Plans and issuing payments for ERISA-governed benefits. *See, e.g.* Doc 19 at ¶¶ 119–120. Although Plaintiffs' Amended Complaint deletes the acknowledgement found in their initial Complaint that the Trust Agreement expressly incorporates all of the terms and conditions contained in the Plans, *see* Doc 1 at ¶ 107, the Trust Agreement appended to the Amended Complaint memorializes that incorporation by reference. *See* Doc 19-3 at 2; *see also Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) ("When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto….").

Plaintiffs further allege three Plan events that resulted in wrongdoing on the part of Regions in its trustee administration role. *First*, Plaintiffs allege that, under the terms of the Plans and Trust Agreement, Regions had a duty to ensure the Plan Sponsor (Ruby Tuesday) fully funded the Plans after an alleged change in control and that Regions "failed to enforce the terms of the Trust requiring [Ruby Tuesday] to fully fund the Trust following the change of control." Doc 19 at ¶¶ 119–120. *Second*, Plaintiffs allege that, after termination of the Plans in March 2019, Regions failed to follow the terms of the Plans and trust agreement in "preparing to liquidate and distribute the [Plans'] Trust assets." *Id.* at ¶¶ 121–127. In connection with the termination of the Plans, Plaintiffs also allege that Regions failed to notify Plaintiffs (as Plan participants) of their rights to distribution; failed to fulfill its fiduciary responsibilities to Plan participants; and neglected its duty to monitor the Plan Sponsor. *Id.* at ¶¶ 128–130. *Third*, Plaintiffs allege that Regions took improper action in ceasing benefit payments as of August 1, 2020 based on communications from the Plan Sponsor that were "contrary to the terms of the Trust Agreement and [Plans]." *Id.* at ¶¶ 133–139. Plaintiffs allege that because of Regions' action or inaction during all three of these alleged Plan occurrences, they did not file claims for benefits or requests for lump sum distributions when they could have and that, after Ruby Tuesday's subsequent bankruptcy, they "lost the entirety of their retirement benefits in the Trust." *Id.* at ¶¶ 118, 119, 131, 151.

The Sixth Circuit has recognized two forms of ERISA preemption: express preemption and complete preemption, the latter of which has been described as a jurisdictional doctrine and is often used as a basis to remove a state court action to federal court. *Lowe v. Lincoln Nat'l Life Ins. Co.*, 821 F. App'x 489, 490 (6th Cir. July 21, 2020); *Hogan v. Jacobson*, 823 F.3d 872, 879 (6th Cir. 2016) (*quoting Loffredo v. Daimler AG*, 500 F. App'x 491, 500 (6th Cir. 2012)). This case

was filed in federal court based, in part, on ERISA federal question jurisdiction, *see* Doc 19 at ¶ 103. In this situation, the Sixth Circuit has provided that

> Although complete preemption, beyond its jurisdictional impact, can affect[] how the federal court may treat [plaintiff's] claim, analysis of complete preemption would be moot in this case if we determine that [plaintiffs'] claims are expressly preempted. If express preemption applies, the state-law claims should be dismissed with prejudice.

*Lowe*, 821 F. App'x at 492 (internal citations omitted); *see also Loffredo*, 500 F. App'x at 500. Thus, although both complete preemption and express preemption result in dismissal of the state law claims here, Regions will focus this Court's attention on express preemption for purposes of the instant motion.

ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." *See* 29 U.S.C. § 1144(a). Claims "relate to" an ERISA plan if they have "a connection with or reference to" an employee benefits plan. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47 (1987). Courts within the Sixth Circuit have routinely dismissed state law causes of action when the allegations "relate to" an ERISA plan. *See, e.g.*, *Caffey v. Unum Life Ins. Co.*, 302 F. 3d 576, 582 (6th Cir. 2003) ("We have recognized the broad sweep of ERISA's preemption provision in relation to state law causes of action based upon an improper denial of benefits, noting that virtually all state claims relating to an employee benefit plan are preempted by ERISA."); *see also Nester v. Allegiance Healthcare Corp.*, 315 F. 3d 610, 613 (6th Cir. 2003) (noting that any judicial complaint for recovery of any benefits allegedly due under an employee benefit plan is strictly governed by ERISA); *Northwestern Mut. Life Ins. Co. v. Resolution Trust Corp.*, 848 F. Supp. 1515, 1519 (N.D. Ala. 1994) (holding state law claims related to deferred compensation plan preempted by ERISA).

05990664.2
5
Case 3:21-cv-00082-DCLC-DCP   Document 21   Filed 06/14/21   Page 5 of 11
PageID #: 560

In undergoing an express preemption inquiry, the Sixth Circuit advises courts to "consider the kind of relief that plaintiffs seek and its relation to a plan." *Lowe*, 821 F. App'x at 492; *Ramsey v. Formica Corp*. 398 F.3d 421, 424 (6th Cir. 2005). It requires no stretch of the preemption imagination here to find that all of Plaintiffs' state law claims, which challenge the manner in which Regions administered the Trust through the Plans and which seeks benefits under the guise of state law damages, are expressly preempted under § 1144. Indeed, even if Plaintiffs did not seek their benefits and even though Plaintiffs have not sued Ruby Tuesday for failure to pay, this does not change the "essentially administrative nature of [their] claims." *Id.* at 493. As Judge Moore on the Sixth Circuit held in connection with similar claims brought by executives against their former bankrupt employer and the trustee responsible for managing the retirement funds, "[b]y seeking to hold the defendants liable for conduct that allegedly resulted in lost benefits without challenging the denial of benefits itself, Loffredo is attempting to create an 'alternate enforcement mechanism' to ERISA's vehicle for recovery of benefits such that the claim is expressly preempted under § 1144." *Loffredo*, 500 F. App'x at 502 (quoting *Thurman v. Pfizer, Inc*., 484 F.3d 855, 861 (6th Cir. 2007)). Finally, express preemption's reach is not diminished based on whether an ERISA claim can even succeed. *See Loffredo*, 500 F. App'x at 502 (quoting *Smith v. Provident Bank*, 170 F.3d 609, 613 (6th Cir. 1999) (applying complete preemption) ("It is the nature of the claim – breach of fiduciary duty – that determines whether ERISA applies, not whether the claim will proceed.")). Thus, for preemption purposes, it is irrelevant whether Plaintiffs could proceed with a traditional ERISA claim for benefits or that they cannot pursue an ERISA fiduciary duty claim against Regions because fiduciary-responsibility provisions of ERISA do not apply to top-hat plans like the Plans here. 29 U.S.C. § 1101(a)(1).

A review of the state law claims as pled in Plaintiffs' Amended Complaint reveals a number of allegations <u>directly</u> related to Regions' role in administering the Trust (which Plaintiffs concede incorporates the terms of the Plans) and processing of Plaintiffs' claims under the Plan:

### COUNT II
### BREACH OF FIDUCIARY DUTIES

165. Regions breached its duties by, *inter alia*, not conducting any inquiry upon the sale of RTI to NRD as to its obligations to fully fund the Trust, taking no action to see that the Trust was fully funded upon the change of control, not conducting any inquiry into the status of the Plans to determine that they had in fact been terminated by board resolution, not notifying the Plaintiffs of their rights to lump sum distributions from the Plans upon the board resolution to terminate, and failing to make those distributions to Plaintiffs.

166. The Plaintiffs were harmed by Regions' breaches because they were deprived of the retirement benefits to which they were entitled under the terms of the Plans and the Trust.

### COUNT III
### BREACH OF TRUST

172. Regions violated [its trust] duties by failing to take steps to adequately protect the trust property for the benefit of the Plaintiffs as beneficiaries of the Trust, failing to inform the Plaintiffs beneficiaries of their rights upon the change of control, and failing to distribute the funds upon the termination of the Plans.

174. As a result of its breach of duties as trustee, Regions should be compelled to compensate Plaintiffs for the benefits they lost.

### COUNT IV
### BREACH OF CONTRACT

177. The Trust is a valid and enforceable contract between RTI and Regions.

179. Regions breached the Trust by failing to provide the required distributions thereunder to the Plaintiffs.

180. As a result of Regions' breach, the Plaintiffs suffered damages in that they failed to receive the retirement benefits to which they were entitled

that should have been paid prior to RTI's insolvency and inevitable bankruptcy.

### COUNT V
### NEGLIGENCE

184. Regions breached this standard of care by, *inter alia*, not conducting any inquiry upon the sale of RTI to NRD as to its obligations to fully fund the Trust, taking no action to see that the Trust was fully funded upon the change of control, not conducting any inquiry into the status of the Plans to determine that they had in fact been terminated by board resolution, not notifying the Plaintiffs of their rights to lump sum distributions from the Plans upon the board resolution to terminate, and failing to make those distributions to the Plaintiffs.

185. Regions' conduct was neglectful and negligent and proximately caused the Plaintiffs to incur monetary damages in that they were deprived of their distributions under the Trust.

Not only do these allegations clearly allege wrongdoing related to and intertwined with the ERISA-governed Plans, what Plaintiffs plainly seek to recover from Regions under all these counts is the value of their benefits in the form of distributions under the Trust.

Express preemption bars Plaintiffs' state law claims for breach of fiduciary duties, breach of trust, breach of contract and negligence, which directly relate to their entitlement to and benefits under the terms of an ERISA-governed plan. *See Colburn v. Hickory Springs Manuf. Co.*, 448 F. Supp. 3d 512, 530 (E.D. N.C. 2020) (finding ERISA preemption of state law claims related to deferred compensation plan and rabbi trust where resolution of claims would require evaluation of the terms of the plan). The allegations underlying these claims relate to (1) Regions' failure to act upon an alleged change of control under the terms of the Plans; (2) Regions' failure to act upon termination of the Plans; and/or (3) Regions' actions in ceasing the processing of benefit payments based on allegedly unauthorized (under the Plans) communications from the Plan Sponsor. Any such acts, or failures to act, must have been made **in the context of administering Plaintiffs' benefit claims**. In that regard, the alleged "action or, more accurately inaction" is not unrelated to

the Plans. Doc 19 at ¶ 1. Moreover, the recovery Plaintiffs seek and would be awarded for the alleged breach would be based on the amount of benefits due to Plaintiffs under the Plans.

Based on the foregoing, Plaintiffs' state law claims "relate to" the Plans, are completely preempted, conflict preempted, and barred by the provisions of ERISA. Accordingly, Plaintiffs' claims for breach of fiduciary duties, breach of trust, breach of contract and negligence are due to be dismissed.

Moreover, this Court should dismiss Plaintiffs' state law claims with prejudice. Despite filing an amended complaint in response to Regions' Partial Motion to Dismiss, Plaintiffs still have not come close to pleading state law claims that can survive preemption under ERISA, and further attempts to do so would be futile. *See Kyrkanides v. Univ. of Kentucky*, No. 19-6348, 2020 WL 7062675, at *4 (6th Cir. July 29, 2020) (citing *Dubuc v. Green Oak Twp*, 312 F.3d 736, 752 (6th Cir. 2002)). Indeed, as explained throughout this memorandum, Plaintiffs' state law claims present archetypical state law causes of action that Congress preempted under § 1144. Allowing Plaintiffs' additional attempts to amend those claims would be futile and a waste of judicial resources.

This Motion seeks no relief as to Plaintiffs' ERISA claim under Count I.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests that this Court dismiss with prejudice Counts II – V of Plaintiffs' Amended Complaint (breach of fiduciary duties, breach of trust, breach of contract and negligence) as they are based on preempted common or state law and any related claims for damages as such claims and demands are preempted by ERISA.

Respectfully submitted by,

/s/ *William B. Wahlheim, Jr.*
William B. Wahlheim, Jr.
(BPR #31582)
*Attorney for Defendant Regions Bank*

**OF COUNSEL:**
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North, Suite 1700
Birmingham, AL 35203-2602
Telephone: (205) 254-1000
Facsimile: (205) 254-1999
wwahlheim@maynardcooper.com

## CERTIFICATE OF SERVICE

       I hereby certify that a copy of the above and foregoing has been filed with the Court on this the 14th day of June, 2021, via the CM/ECF system and that the foregoing was served via the CM/ECF system by electronic mail or via U.S. mail, postage prepaid and properly addressed to the following:

    Al Holifield
    Kelly Mann
    Holifield & Janich, PLLC
    11907 Kingston Pike, Suite 201
    Knoxville, TN 37934
    *Attorneys for Plaintiff*

                               /s/ *William B. Wahlheim, Jr.*
                               OF COUNSEL