THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE

JERRY ALDRIDGE, ET AL.,

    Plaintiffs,

v.

REGIONS BANK,

    Defendant.

Civil Action No. 3:21-cv-00082-DCLC-HBG

**PLAINTIFFS' RESPONSE TO DEFENDANT'S RENEWED PARTIAL MOTION TO DISMISS COUNTS II – V OF PLAINTIFFS' AMENDED COMPLAINT**

COMES NOW Plaintiffs and file their Response to Defendant's Renewed Partial Motion to Dismiss Counts II – V of Plaintiff's Amended Complaint ("Defendant's Motion").[1] Plaintiffs argue that the nexus between their state law claims and the employee benefit plans at issue in this case is insufficient to find that they "relate to" an ERISA plan and are preempted. Therefore, this Court should deny Defendant's Motion.

**SUMMARY OF DEFENDANT'S ARGUMENT**

The arguments made by Defendant in support of its Motion can be summarized as follows: Defendant contends that Plaintiffs' state law claims are expressly preempted:

    1. because of the "essentially administrative nature" of such claims (*Defendant's Memorandum of Law in Support of Partial Motion to Dismiss Counts II – IV of Plaintiffs' Complaint, Docket No. 15 ("Defendant's Memorandum"), p. 6)*;

---

[1] Defendant filed its Motion on June 14, 2021. Pursuant to Local Rule 7.1, Plaintiffs' response is due within 21 days. The twenty-one day deadline to file such response falls on July 5, a federal holiday. Pursuant to Fed. R. Civ. Proc., Rule 6(a)(1)(C), the deadline for Plaintiffs to file their Response is July 6, 2021.

2. because Plaintiffs seek to recover the value of their benefits under the Plans (*Defendant's Memorandum, p. 8)*; and

3. because the alleged acts or failures to act by Defendants were made in the context of administering Plaintiffs' benefit claims (*Defendant's Memorandum, p. 8)*.

Defendant's conclusory arguments are insufficient to show that Plaintiffs' state law claims have a sufficient relation to an ERISA plan to warrant dismissal. Defendant's arguments fail to provide this Court with any basis for concluding that Plaintiffs' state law claims fall within any of the categories of claims that have been held to "relate to" an ERISA plan and, therefore, are preempted. Plaintiffs' arguments in support of their Response are set forth below.

## I. DEFENDANT'S PREEMPTION ARGUMENT DIRECTLY CONTRADICTS ITS POSITION IN A PREVIOUS ACTION BASED ON THE SAME EVENTS.

Defendant's Motion is based entirely on the argument that Plaintiffs' state law claims are preempted by ERISA under the doctrine of express preemption. Defendant's argument is in complete contradiction to the positions taken by Defendant in a previous filing in federal court relating to the same course of events upon which Plaintiffs base their state law claims.

On September 28, 2020, Defendant filed an interpleader action in the U.S. District Court for the Northern District of Alabama in its capacity as the trustee of a trust established to fund benefits under the Executive Supplemental Pension Plan and the Management Retirement Plan (collectively referred to as the "Plans"). *Regions Bank v. Ruby Tuesday, Inc., Civil Action No. 2:20-cv-014370-ACA, Exhibit G to Amended Complaint, ¶¶ 140-151*(the "Interpleader Complaint"). Defendant sought a declaration from the court determining the rights as between Ruby Tuesday, Inc., as the sponsor of Plans, and Plaintiffs, as participants in the Plans, to the funds held in the Trust. *Id. and Exhibit C to Amended Complaint.* Defendant alleged federal jurisdiction over this issue based on the federal interpleader statute and diversity of the parties. *Id.* Defendant

2

did not allege jurisdiction based on ERISA despite the fact that the allegations and issues raised in the Interpleader Complaint are based on the same series of events (change of control, termination of the Plans and cessation of benefit payments to Plaintiffs) as well as the terms of the Trust and the payment of benefits under the Plans. *Id.* Furthermore, Defendant did not rely upon or cite to any provision of ERISA regarding the interpretation of the provisions of the Trust as it related to its duties and obligations under the Trust or the rights of Plaintiffs to receive distributions from the Trust as participants in the Plans. The arguments raised by Defendants in its Motion before this Court are in direct contradiction to Defendant's previous position as set forth in the Interpleader Complaint. It is at best disingenuous for Defendant to bring an action in federal court with no mention of ERISA and then seek dismissal of Plaintiffs' state law claims based on the same series of events on the basis that such claims are preempted by ERISA.

## II. DEFENDANT MISCHARACTERIZES PLAINTIFFS' CLAIMS TO SUPPORT ITS PREEMPTION ARGUMENT.

Plaintiffs' Amended Complaint asserts five claims – one claim under ERISA § 502(a)(3) to enforce the terms of the Plans, and four state law claims based on Defendant's duties as set forth in the Trust. Plaintiffs bring their ERISA claim in the alternative to their four state law claims. *First Amended Complaint, Docket No. 19 ("Amended Complaint), p. 31, Prayer for Relief, ¶¶ A and B.* In support of its Motion, Defendant ignores the distinction between Plaintiffs' claim brought based on the Plan and the four state law claims brought based on the Trust in an attempt to convince the Court that the state law claims are preempted under ERISA.

On page 4 of its Memorandum, Defendant attempts to summarize the basis for Plaintiffs' claims, referring to "three Plan events that resulted in wrongdoing on the part of Regions in its trustee administration role." *Defendant's Memorandum, p. 4.* Defendant mischaracterizes Plaintiffs' allegations as to the first "plan event" – change of control – as being based on terms of

3

both the Trust and the Plans. A review of the paragraphs in the Amended Complaint clearly show that Plaintiffs' allegations as to this "plan event" are based solely on the terms of the Trust. *See, Amended Complaint ¶¶ 111 – 120.*

As to the second and third "plan events" – termination of the Plans and the ceasing of benefit payments – Defendants imply that because these allegations refer to both the terms of the Plans and the Trust, that Plaintiffs' state law claims cannot be based on the terms of the Trust and their ERISA claims cannot be based on the Plans. Defendant provides no support for this implication.

### III. PLAINTIFFS' STATE LAW CLAIMS DO NOT "RELATE TO" AN ERISA PLAN.

ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." ERISA § 514(a) [29 U.S.C. § 1144(a)]. Preemption analysis begins with the presumption that in enacting ERISA Congress did not intend to preempt state law. *LeBlanc v. Cahill*, 153 F.3d 134, 147 (4th Cir. 1998); *De Buono v. NYSA-ILA Medical and Clinical Servs. Fund,* 520 U.S. 806 (1997).[2] The purpose of ERISA was to standardize the administration of employee benefit plans, not trust agreements governed by state law.[3] In determining whether a claim is preempted, courts are instructed to go beyond the "unhelpful text" in the ERISA preemption statute and apply a pragmatic approach of looking to the objectives of ERISA to determine whether the normal presumption against preemption has been overcome. *Id.*

---

[2] "The preemption provision, however, is not without limits. As the Court noted in *Travelers*, § 514(a) preempts all state laws that relate to an employee benefit plan covered by ERISA, but, '[i]f 'relate to' were taken to extend to the furthest stretch of its indeterminancy, then for all practical purposes preemption would never run its course.' 514 U.S. at 655, 115 S.Ct. at 1677, 131 L.Ed.2d at 705." *Kentucky Ass'n of Health Plans v. Nichols,* 227 F.3d 352, 358 (6th Cir. 2000).

[3] By failing to allege that ERISA controls the interpretation of its duties under the Trust in its Interpleader Complaint, Defendant acknowledges that interpretation of the Trust is governed by state law and not ERISA. *See, Interpleader Complaint, ¶ 120.*

State law claims "relate to" ERISA plans for purposes of express preemption under ERISA § 514 [29 U.S.C. § 1144] if they (1) mandate employee benefit structures or their administration; (2) provide alternate enforcement mechanisms; or (3) bind employers or plan administrators to particular choices or preclude uniform administrative practice, thereby functioning as a regulation of an ERISA plan itself or otherwise seek a remedy that is "primarily plan-related." *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 861 (6th Cir. 2007) (quoting *Penny/Ohlmann/Neiman, Inc. v. Miami Valley Pension Corp.*, 399 F.3d 692, 698 (6th Cir. 2005). "[C]ompletely preempted claims 'fall within the scope' of ERISA's civil-enforcement regime, and expressly preempted claims interfere with the regime." *Loffredo v. Daimler AG*, 500 F.App'x 491, 501 (quoting *Aetna Health Inc. v. Davila*, 542 U.S. 200, 221 (2004)).

**(A) Plaintiffs' state law claims do not fall within any of the categories of claims preempted by ERISA.**

Plaintiffs' state law claims do not fall within any of the categories listed in *Thurman* as claims that "relate to" an ERISA plan. Such claims cannot be said to "mandate employee benefit structures or their administration" because the Plans have been terminated and RTI is in bankruptcy. Defendant fails to cite to any case law involving a state law claim based on duties owed by a corporate trustee under a trust agreement governed by state law where the employee benefit plan funded by the trust has been terminated. Each of the cases cited by Defendant involve a claim for benefits under an ERISA plan that had not been terminated. Plaintiffs' claims, if successful, will not bind RTI, as the employer or the plan administrator, or preclude uniform administrative practices relating to the Plans, as they have both been terminated.

The primary purpose of Trust was to "assist the Primary Sponsor and any of its related corporations or businesses in meeting its objections under the [plans]." *Amended Complaint, Ex.*

5

*C, p. 1*.  Therefore, the Trust is simply a funding mechanism used by RTI to fund its obligations under the Plans and is not an "employee benefit plan" as defined in ERISA.  The incorporation of the terms of the Plans into the Trust does not affect the Trust's purpose as a vehicle for funding the Plans and is consistent with its operating separate and distinct from the Plans.  Section 1 of the Trust provides that it is to be interpreted as "mutually consistent with" with the Plans, but does not state that the two documents are to be construed together as one.  *Id., pp. 1-2.*  Furthermore, in the event of conflict, the terms of Trust are to be given precedence over the terms of the Plan.  *Id.*  The Trust states it is governed by Alabama law, a further confirmation of its status simply as a funding mechanism and not as an ERISA employee benefit plan.  *Id., Section 13(j), p. 17.*  Finally, the Trust provides in Section 1 that "nothing contained in the Trust Agreement is intended to diminish the amount of benefits required to be paid for the benefit of any participant under the terms of any Plan."  *Id., p. 1.*  These provisions, taken together, are consistent with the Trust and Plans being viewed as separate and distinct documents.

The Plans are nonqualified deferred compensation plans for a select group of management and executives, commonly referred to as "top hat" plans.  *Amended Complaint, ¶ 106; Regions Bank's Answer to Count One of Plaintiffs' First Amended Complaint, Docket 22, ¶ 106*.  Such plans, although ERISA employee benefit plans, are not subject to the fiduciary provisions of ERISA.  ERISA § 401(a)(1) [29 U.S.C. § 1101(a)(1)], contains an express exemption from these requirements.

> (a)  Scope of Coverage.  This part shall apply to any employee benefit plan described in section 1003(a) of this title (and not exempted under section 1003(b) of this title), other than –

(1) a plan which is unfunded and is maintained by an employer primarily for the purpose of providing deferred compensation for a select group of management or highly compensated employees.[4]

Plaintiffs' state law claims are based on Defendant's status as the trustee of the Trust. State law is clear that as the trustee, Defendant owed a duty to Plaintiffs to administer the Trust in good faith, in accordance with the terms of the Trust and its purposes and the interests of the Plaintiffs as beneficiaries of the Trust. *Ala. Code § 19-3B-801, 802 and 804.* Defendant breached this duty when it failed to enforce the terms of the Trust following the change of control and upon termination of the Plans. *See, Amended Complaint, ¶¶* 120 and 128*.* The exemption in ERISA precludes any ERISA cause of action based on alleged breach of fiduciary duty by a fiduciary of top hat plans such as the Plans. As such, any state law cause of action based on alleged breach by a fiduciary of a top hat plan would not interfere with the civil enforcement scheme of ERISA – because there is no enforcement scheme against fiduciaries of top hat plans for breach of fiduciary duty under ERISA.[5]

**(B) Defendant's reliance on *Loffredo* is misplaced.**

Defendant's only argument addressing the categories of preempted claims from *Thurman* is a single citation to the Sixth Circuit's decision in *Loffredo v. Daimler AG*, 500 F.App'x 491 (6th

---

[4] The Plans meet the requirement to be "unfunded" despite the use of the Trust because the assets of the Plans held in the Trust are subject to the claims of general creditors of RTI as the plan sponsor in the event it became insolvent. *See,* IRS Rev. Proc. 92-64; DOL Adv. Op. 94-31A, fn. 3; DOL Adv. Op. 93-13A.

[5] Plaintiffs' state law claims are similar to state law actions against ERISA plan service providers that courts have allowed to proceed on the ground that they were brought against professional entities acting in a non-fiduciary capacity and were therefore not preempted by ERISA. *See, Kloots v. American Express Tax and Business Servs., Inc.*, 233 F.App'x 485, 488 (6th Cir. 2007) citing *Penny/Ohlmann/Neiman, Inc. v. Miami Valley Pension Corp.,* 399 F.3d 692, 698-99 (6th Cir. 2005). Such actions were not preempted by ERISA because they did not seek to enforce duties regulated by ERISA – i.e., fiduciary duties. Similarly, Plaintiffs' state law causes of action do not seek to enforce duties regulated by ERISA by virtue of the exclusion of top hat plans from ERISA's fiduciary requirements. *See,* Section III(B) below.

Cir. 2012).[6] *Defendant's Memorandum, p. 6.* While *Loffredo* did involve the preemption of state law claims brought by a participant in a top hat plan, Defendant's reliance on the holding of *Loffredo* is misplaced.

The Sixth Circuit in *Loffredo* concluded that the exclusion of top hat plans from the fiduciary requirements of ERISA evidenced an intent by Congress to preclude any state law cause of action by a participant against a trustee based on a violation of a state law fiduciary duty. Under this reasoning, the exemption of top hat plans from ERISA's fiduciary requirements relieves a trustee named under a trust agreement admittedly governed by state law that serves as a funding vehicle for a top hat plan from any duty to act in the best interest of a participant in a top hat plan. Plaintiffs argue that this reasoning is in conflict with the purpose of ERISA and represents an improper extension of the doctrine of express preemption.

It is a huge leap in logic from the question presented in *Loffredo* - "whether Congress's less-intrusive regulation of top-hat plans permits a more-intrusive system of state regulation" - to concluding that the ERISA preemption statute applies to preempt <u>any</u> state law cause of action by a participant in a top hat plan.[7] *Loffredo,* at 495. In making this conclusion, the Sixth Circuit in *Loffredo* relied on a statement by the U.S. Supreme Court in *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987), that inclusion of certain remedies and the exclusion of others would be completely undermined if participants were free to obtain remedies under state law that Congress rejected in ERISA. *Loffredo,* at 495.

---

[6] In addition to being factually distinguishable and arguably an improper extension of express preemption, the decision in *Loffredo* is unpublished. It therefore carries no precedential weight and has no binding effect on anyone other than the parties to that action. *Crump v. Lafler,* 657 F.3d 393, 405 (6th Cir. 2011), *r'hg and r'hg en banc denied* Oct. 12, 2011, citing *Sheets v. Moore,* 97 F.3d 164, 167 (6th Cir. 1996).

[7] Plaintiffs do not argue that the ERISA preemption statute does not apply to top hat plans (as inferred by *Loffredo*), only that the preemption statute does not exclude a state law cause of action against a fiduciary of a top hat plan for breaching obligations of a trust governed by state law.

The Sixth Circuit reads the conclusion by the Supreme Court in *Pilot Life* too broadly. Furthermore, the decision in *Pilot Life* can be factually distinguished from the case currently before this Court. The plaintiff in *Pilot Life* sued the insurance carrier for a long-term disability policy for breach of contract, breach of fiduciary duty and fraud in the inducement, seeking damages for failure to provide benefits under the policy in the form of general damages for mental and emotional distress as well as incidental damages and punitive damages. The Supreme Court in *Pilot Life* found ERISA § 502(a) to be "a comprehensive enforcement scheme that represents a careful balancing of the need for prompt and fair claims settlement procedures against the public interest in encouraging the formation of employee benefit plans." *Pilot Life,* at 54. The Court went on to state that the six carefully integrated civil enforcement provisions found in ERISA § 502(a) provide "strong evidence that Congress did not intend to authorize other remedies that it simply forgot to incorporate expressly." *Id.*, citing *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 146 (1985). The Court found that the plaintiff's common law causes of actions were based on alleged improper processing of a claim for benefits under an employee benefit plan and were therefore preempted under the doctrine of express preemption. *Pilot Life,* at 48.

The Sixth Circuit's reliance on the statement by the Supreme Court in *Pilot Life* that the exclusion of a remedy (by operation of remedies allowed under ERISA § 502(a) and the preemption under ERISA § 544) equates to exclusion of a state law cause of action for breach of fiduciary duty regarding a top hat plan is misplaced. The plaintiff in *Pilot Life* brought state law claims seeking damages resulting from the defendant's improper processing of his claim for disability benefits. Because ERISA provides participants a cause of action for benefits from an employee benefit plan, plaintiff's state law claims were preempted. In the case before this Court, ERISA does not provide a cause of action by a participant in a top hat plan for breach of fiduciary

9

duty.  Therefore, unlike the plaintiff in *Pilot Life,* Plaintiffs' state law causes of action do not conflict with ERISA's statutory scheme.  Furthermore, the Supreme Court in *Pilot Life* did not address the interplay of ERISA's enforcement scheme found in § 502(a) [29 U.S.C. § 1132(a)] with the exclusion of top hat plans from the requirements of the fiduciary portions of ERISA.  The remedy for breach of fiduciary duty is included in the § 502(a) enforcement scheme (502(a)(2)).[8] In *Pilot Life,* the Supreme Court was referring to the exclusion of a state law cause of action by a participant for benefits under an insurance policy where ERISA § 502(a)(1)(B) provides for an action to recover benefits due under terms of plan and to enforce rights under terms of plan.

> The Solicitor General, for the United States as amicus curiae, argues that Congress clearly expressed an intent that the civil enforcement provisions of ERISA § 502(a) be the exclusive vehicle for actions by ERISA-plan participants and beneficiaries asserting improper processing of a claim for benefits, and that varying state causes of action for claims within the scope of § 502(a) would pose an obstacle to the purposes and objectives of Congress. . . We agree.

*Pilot Life*, at 52. Therefore, the plaintiff's state law causes of action in *Pilot Life* were "within the scope" of § 502(a); such is not the case for Plaintiffs' state law claims against Defendant in this case.

For the *Loffredo* court to interpret the exemption from fiduciary duty requirements found in ERISA § 401(a)(1) [29 U.S.C. § 1101(a)(1)] as equating to an intention by Congress to exclude a state law remedy for breach of duty by trustee of top hat plan trust goes too far and is not supported by the citation to *Pilot Life* upon which the court relies.  Unlike the plaintiff in *Pilot Life,* Plaintiffs here cannot bring an action under ERISA § 502(a) against Defendant for breach of fiduciary duty.  The reasoning in *Loffredo*, taken to its logical conclusion, would allow trustees of top hat plans to act in violation of state law fiduciary duties with immunity, leaving participants in

---

[8] Plaintiffs' claim in Count I of their Amended Complaint is brought under ERISA § 502(a)(3) to enforce the terms of the Plans, not under ERISA § 502(a)(2) for breach of fiduciary duty.

such plans with no remedy.  "ERISA will not preempt state law claims based on wrongs for which ERISA provides no remedy."  *Int'l Resources, Inc. v. New York Life Ins. Co.*, 950 F.2d 294, 298 (6th Cir. 1991) (*citing Perry v. P\*I\*E Nationwide, Inc.* 872 F.2d 157, 162 (6th Cir. 1989), *cert. denied*, 493 U.S. 1093 (1990)).

The exemption from the fiduciary requirements for top hat plans is based, in part, on the differing bargaining positions between the top hat executive group and rank-and-file employees – such executives do not need the same protections against breach by a fiduciary.  However, this does not necessarily mean that Congress meant to exclude any recourse for top hat plan participants by preempting a state law action against a trustee based on the trust agreement.  The fact that Congress recognized that participants in top hat plans do not need the same protections as rank-and-file participants arguably signals an understanding that in addition to the greater bargaining position, etc. associated with participants in management positions, these participants also had the protections of state law claims for breach of contract, etc. to provide some level of protection against breaches by trustees subject to state law fiduciary requirements.

Furthermore, the primary purpose of ERISA is to protect ERISA participants.  Using the ERISA preemption statute to preempt Plaintiffs' state law claims does not further this purpose.  Instead, it protects Defendant from applicable state law concerning the duties of trustees and fiduciaries, in essence shielding Defendant from any inquiry into its actions in administering the Trust.  *See, McLemore v. Regions Bank*, 682 F.3d 414, 428 (6th Cir. 2012), Judge Merritt, dissenting.  At this stage of the litigation, where the state law has not been analyzed and applied and Plaintiffs' state law claims against Defendant have not been tried, dismissal of Plaintiffs' state law claims based on preemption is equivalent to granting Defendant immunity from state law liability no matter its conduct based solely on a tenuous connection between the Trust and the

Plans. *See, Cromwell v. Equicor-Equitable HCA Corp.,* 944 F.2d 1271, 1276 (6th Cir. 1991) ("Thus, only those state laws and state law claims whose effect on employee benefit plans is merely tenuous, remote or peripheral are not preempted.") Such a result does not serve the purposes of ERISA.

### (C) Plaintiffs' state law claims do not seek benefits under an ERISA plan.

Defendants assert that Plaintiffs' state law claims are simply an action to recover benefits under an ERISA plan and are, therefore, preempted by ERISA. *Defendant's Memorandum, p. 2.* Defendant misconstrues Plaintiffs' state law claims. "Not every cause of action which mentions plan benefits, however, requires preemption." *Penny/Ohlmann/Neiman, Inc. v. Miami Valley Pension Corp.*, 399 F.3d 692, 703 (6th Cir. 2005). The fact that Plaintiffs' damages are measured by the benefits they would have received from the Plans had Defendant complied with its duties under the Trust does not convert their state law claims into claims to recover plan benefits. Such reference to benefits under the Plans is "simply a reference to specific, ascertainable damages [the plaintiff] claims to have suffered as a proximate result of [the defendant's conduct]." *Id.,* citing *Wright v. Gen. Motors Corp.*, 262 F.3d 610, 615 (6th Cir. 2001). As such, Plaintiffs' state law claims are the not equivalent of an ERISA claim under § 502(a)(1)(B) to recover plan benefits and are not preempted by ERISA.

## V. DEFENDANT'S RELIANCE ON *COLBURN* IS MISPLACED.

Defendant provides Court with a summary of Plaintiffs' state law claims[9] and the concept of ERISA preemption in general and particularly express preemption.[10] *Defendant's*

---

[9] As argued in Section II above, Defendant's summary misconstrues and mischaracterizes Plaintiffs' state law claims.

[10] Although Defendant makes the conclusory statement that application of both doctrines of complete preemption and express preemption result in the dismissal of Plaintiffs' state law claims, Defendant's Memorandum only contains argument relating to express preemption. *Memorandum, p. 5*. Defendant's inclusion of a reference to complete preemption in this conclusory statement

*Memorandum, p. 4.* However, Defendant's argument in support of the dismissal of Plaintiffs' state law claims can be found in a single sentence on page 8 – "Express preemption bars Plaintiffs' state law claims for breach of fiduciary duties, breach of trust, breach of contract and negligence, which directly relate to their entitlement to and benefits under the terms of an ERISA-governed plan." In support of this conclusion, Defendant cites a single case from the Eastern District of North Carolina, *Colburn v. Hickory Springs Manuf. Co.,* 448 F.Supp.3d 512 (E.D. N.C. 2020), for the proposition that ERISA preempts state law claims related to a deferred compensation plan and rabbi trust where resolution of such claims would require evaluation of the terms of the plan. *Memorandum, p. 8.* In addition to being from outside the Sixth Circuit, *Colburn* can be distinguished from the facts before this Court.

In *Colburn,* a retiree brought claims against his former employer and its board of directors[11] for improper denial of benefits under a supplemental executive retirement plan (SERP)[12], breach of fiduciary duty, prohibited transactions, and adverse actions in violation of ERISA, as well as a claim for unpaid wages under North Carolina Wage & Hour Act. The defendants brought a counterclaim for rescission of the benefit plan and constructive fraud based on plaintiff's actions as CEO in approving the plan on behalf of the employer. Both sides argued that the state law claims brought by the other party were preempted by ERISA (plaintiff's claim for unpaid wages and defendants' counterclaim for rescission and constructive fraud).

---

alone is insufficient to support dismissal of Plaintiffs' state law claims based on complete preemption. Plaintiffs will, therefore, only address Defendants' arguments relating to express preemption.

[11] By contrast, Plaintiffs bring their claims, not against the plan sponsor or plan administrator of an employee benefit plan as in *Colburn*, but against the named trustee of a state law governed trust agreement. This fact further distinguishes *Colburn* from the case before this Court.

[12] In the first portion of its opinion, the court found the supplemental executive retirement plan, a form of deferred compensation plan, to be a top hat plan. *Colburn,* at 527.

The court found the defendants' counterclaims to be "inextricably interwoven" with plaintiff's claim for benefits under the SERP because they were based on plaintiff's alleged fraud and other conduct that occurred prior to enactment of SERP. The court also cited to the possibility of inconsistent judgments – i.e., if the plaintiff won his claim for benefits and the defendants won their claim for rescission of the SERP - and the fact that resolution of the counterclaims required evaluation of SERP as support for preemption of the state law claims. Because defendants claimed that plaintiff breached his fiduciary duty as officer by falsely representing that SERP would be cash-neutral, evaluation of the merits of this claim would require scrutiny of the SERP to determine if it was cash-neutral. *Colburn,* at 530. The court also found Plaintiff's claim under the North Carolina Wage & Hour Act (a state law essentially requiring employers to pay certain wages upon termination of employment) to be essentially a claim for benefits allegedly owed under the SERP and therefore such claim related to ERISA and was preempted. *Colburn,* at 531.

The court in *Colburn* did not address the application of ERISA preemption on state law claims to enforce the terms of a rabbi trust. There is no mention of a rabbi trust in the opinion. The defendants in *Colburn* were the plaintiff's former employer and members of board of directors, not trustees of a rabbi trust. There was no claim against a trustee or based on upon the terms of a state law trust. Furthermore, evaluation of the SERP in *Colburn* was necessary because defendants alleged that plaintiff misled the company about the cash-neutral status of SERP. Whether SERP was in fact cash-neutral or not required "scrutiny" of SERP. Such scrutiny is not necessary in this case in evaluating Plaintiffs' state law claims.

> (i) Count II (*Amended Complaint, ¶¶ 162-166*) – claim for breach of fiduciary duty under the terms of the state law governed Trust; no need to scrutinize the terms of Plans.

(ii) Count III (*Amended Complaint, ¶¶ 167-174*) – claim for breach of trust; as trustee Defendant owed a duty to Plaintiffs under state law and violated duties by failing to protect Trust property; no need to scrutinize terms of Plans.

(iii) Count IV (*Amended Complaint, ¶¶ 175 – 180*) – claim for breach of contract; the state law Trust is enforceable contract and Plaintiffs are intended third party beneficiaries; Defendant breached the Trust by failing to provide distributions as required under the terms of the Trust; no need to scrutinize terms of Plans.

(iv) Count V (*Amended Complaint, ¶¶ 181 – 185*) – claim for negligence; as trustee under the state law Trust, Defendant had duty to act with reasonable standard of care with regard to its obligations under Trust; no need to scrutinize terms of Plans.

A review of the Plans' terms is only necessary to determine the benefit formula upon which to base Plaintiffs' damages. As argued above, such reference to the Plans is insufficient to preempt Plaintiffs' state law claims. Furthermore, Defendant's duties as trustee are fully addressed in the Trust agreement. Such a tenuous connection between the Trust and the Plans is insufficient to warrant preemption of Plaintiffs' state law claims.

## CONCLUSION

Plaintiffs' state law claims seek to hold Defendant liable for its actions and inactions as the trustee of the Trust. The fact that the Trust is a funding vehicle for an ERISA employee benefit plan is an insufficient basis upon which to hold that such claims "relate to" an ERISA plan and are preempted under ERISA. As argued above, Plaintiffs' state law claims are not claims for benefits under the Plans and do not interfere with ERISA statutory enforcement scheme. Furthermore, case law cited by Defendant in support of ERISA preemption are factually distinguishable from the

case before this Court and, in some respects, are based on an improper extension of the doctrine of express preemption under ERISA. Plaintiffs ask this Court to deny Defendant's Motion and to award them such other and further relief as is just and proper.

Respectfully submitted this 6th day of July 2021.

**HOLIFIELD & JANICH, PLLC**

By: */s/ Al Holifield*
Al Holifield (BPR # 015494)
Kelly Mann (BPR # 025964)
11907 Kingston Pike, Suite 201
Knoxville, TN 37934
Phone: (865) 566-0115
aholifield@holifieldlaw.com
kmann@holifieldlaw.com

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been filed with the Court on this the 6th day of July 2021, via the CM/ECF system and that the foregoing was served via the CM/ECF system by electronic mail or via U.S. mail, postage prepaid and properly addressed to the following:

William B. Wahlheim, Jr.
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North, Suite 1700
Birmingham, AL 35203-2602
*Attorney for Defendant*

4826-7206-8081, v. 1